**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**FRANCIS J. CAIRNES**

**Plaintiff,**

**vs.** **No. CIV 09-426 JB/WDS**

**MICHAEL J. ASTRUE, Commissioner of the Social Security Administration,**

**Defendant.**

**MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** came before the Court upon Plaintiff's Motion to Reverse or Remand Administrative Agency Decision. Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security, who determined that Plaintiff was not eligible for benefits. Having considered Plaintiff's Motion and Memorandum Brief [Doc. Nos. 18, 19], Defendant's Response [Doc. No. 24], Plaintiff's Reply [Doc. No. 25], the administrative record and applicable law, the Court recommends that Plaintiff's Motion be granted and that this matter be remanded to the Commissioner of Social Security for further proceedings consistent with these findings.

**Background**

Plaintiff, who was born on May 1, 1961, worked in various jobs as a cosmetologist, assistant retail department manager, food server, housekeeper, housekeeping supervisor, and cleaner prior to the onset of her alleged disability. Tr. 5, 8, 90. Plaintiff applied for benefits on January 30, 2007. Tr. 90-94. She alleged that she became disabled on November 1, 2005. Tr. 90. Plaintiff alleged that she was disabled as a result of bipolar disorder, depression, anxiety, panic attacks, borderline personality disorder, lumbar degenerative disc disease, cirrhosis, hepatitis C, left shoulder

impairment, chronic insomnia, and fatigue. Tr. 4, 105, 138, 149. Plaintiff's application was denied at the initial level on March 21, 2007, Tr. 63-69, and at the reconsideration level on October 8, 2007. Tr. 76-79. Plaintiff appealed by filing a request for a hearing by an administrative law judge ("ALJ") on November 5, 2007. Tr. 80.

A hearing was held on March 6, 2008 before ALJ Robert L. Neighbors, who heard testimony from Plaintiff and a Vocational Expert ("VE"). Tr. 17-53. The ALJ entered a decision finding Plaintiff not disabled. Tr. 8-16. The Appeals Council denied Plaintiff's request for review, thus rendering the ALJ's decision the final decision of the Commissioner, from which Plaintiff now appeals. Tr. 1-3.

Plaintiff filed this action for judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

**Standard of Review and Applicable Law**

This Court may only review the Commissioner's decision to determine whether it is supported by substantial evidence and whether correct legal standards were applied. *Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004). In determining whether the Commissioner's findings are supported by substantial evidence, the Court should not re-weigh the evidence, nor should it substitute its judgment for that of the Commissioner. *Id.* Instead, the Court should meticulously examine the record to determine whether the Commissioner's decision is supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Williams v. Bowen*, 844 F.2d 748, 750 (10th Cir. 1988). The "substantial evidence" standard is satisfied by more than a scintilla, but less than a preponderance, of evidence. *Id.* However, evidence is not substantial if it is overwhelmed by other evidence or if it constitutes a mere conclusion. *Ray v. Bowen,* 865 F.2d 222, 224 (10th Cir. 1989).

A sequential five-step analysis applies in determining whether an adult claimant is disabled and entitled to benefits under the Social Security Act. *See Williams*, 844 F.2d at 750-52; 20 C.F.R. §§ 404.1520, 416.920. First, the question is whether the claimant is engaged in substantial gainful activity. *Williams*, 844 F.2d at 750. If so, the claimant is not disabled; if not, the analysis proceeds to step two. *Id.* At the second step, the question is whether the claimant has an impairment or combination of impairments that is severe. *Id.* If not, the claimant is not disabled; however, if the claimant makes the required showing of severity, the analysis proceeds to step three. *Id.* at 750-51. At step three, the question is whether the claimant has an impairment or combination of impairments that meets or equals an impairment listed at Appendix 1, Subpart P, of 20 C.F.R. Part 404 ("Listings" or "Listed Impairment"). *Id.* at 751. If so, the impairment is considered to be presumptively disabling. *Id.* If not, the analysis proceeds to step four, where the question is whether the impairment prevents the claimant from doing past work. *Id.*

The claimant is not disabled if he or she can perform past work. *Id.* If the claimant cannot perform past work, the analysis proceeds to step five, where the burden shifts to the Commissioner to establish that the claimant has the residual functional capacity ("RFC") "to perform other work in the national economy in view of his age, education and work experience." *Id.* (quoting *Bowen v. Yuckert,* 482 U.S. 137, 142 (1987)). The claimant is entitled to benefits unless the Commissioner establishes that the claimant can "perform an alternative work activity and that this specific type of job exists in the national economy." *Id.* (quoting *Channel v. Heckler*, 747 F.2d 577, 579 (10th Cir. 1984)).

**Summary of the ALJ's Decision**

At step one of the sequential five-step analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. Tr. 10. The ALJ found at step two that

Plaintiff had the severe impairments of disorder of the back and personality disorder. Tr. 10. The ALJ found at step three that Plaintiff's impairments were not severe enough to meet or medically equal any of the Listings. Tr. 20-21. At step four, the ALJ concluded that Plaintiff had the RFC to perform the full range of light work, except Plaintiff cannot work overhead with her non-dominant upper extremity. Tr. 12. Given the RFC assessment, the ALJ found that Plaintiff could perform her past relevant work as actually performed as a cosmetologist. Tr. 15. Accordingly, the ALJ found that the claimant was not disabled within the meaning of the Social Security Act at any time from the alleged onset date through the date of the decision. Tr. 16.

Plaintiff alleges the following errors: (1) the ALJ failed to consider Plaintiff's liver impairments, insomnia, and fatigue at steps two and four; (2) the ALJ failed to assess work-related abilities on a function-by-function basis before determining Plaintiff could perform light work; (3) the ALJ's dismissal of Ms. Laper's treating source's RFC is unsupported by substantial evidence; (4) the ALJ failed to state what weight he accorded certain portions of Ms. Laper's opinion; (5) the ALJ failed to consider evidence from Plaintiff's unsuccessful work attempts; (6) the ALJ failed to obtain medical records from the pain management specialist, from Internal Medicine, and from Living Hope Hospital; (7) the ALJ failed to assess any functional limitation for Plaintiff's severe mental impairment; (8) the ALJ's "implicit" finding in step three that Plaintiff's mental impairment was not severe was not supported by substantial evidence; (9) the ALJ did not discuss suicide attempts, dysfunctional lifestyle, use of medication for depression, anxiety, bipolar disorder, and insomnia, failed work attempt due to stress and inability to get along with a co-worker, or Plaintiff's GAF score of 40-50; (10) the ALJ failed to assess Plaintiff's mental abilities on a function-by-function basis; (11) the ALJ failed to properly assess Plaintiff's physical and mental RFC at step four; (12) the ALJ failed to inquire and make findings about the physical and mental demands of

Plaintiff's past work as actually performed; (13) the ALJ failed to reconcile a conflict between the VE's testimony and the Dictionary of Occupational Titles; and (14) the ALJ's credibility finding is unsupported by substantial evidence and legally erroneous.

**Discussion**

**1. Did the ALJ Err by failing to assess any functional limitation for a mental impairment?**

Plaintiff contends that at step two, the ALJ found that Plaintiff suffered from a severe mental impairment, but he assessed no functional limitation for a mental impairment in his RFC or at step four. [Doc. No. 19, p. 17]. Defendant counters that, in fact, the ALJ found that Plaintiff had a "combination of severe impairments," which included a personality disorder; that the ALJ concluded at step three that the mental impairment was not severe; and that the evidence did not support the presence of any mental limitations, therefore, the ALJ was not required to include them in his RFC. [Doc. No. 24, p. 12].

The ALJ's third finding reads in its entirety:

> 3. The claimant has the following severe impairments: disorder of the back and personality disorder.
>
> After a review of the medical evidence, it is found that the claimant suffers from a combination of severe impairments within the meaning of the Social Security Act, which limits her capacity for the performance of certain basic work related activities.

Tr. 10 (citation omitted).

If the ALJ intended to find that Plaintiff's mental impairment was not severe and resulted in no limitations, his Decision does not support such an intention. This Court agrees with Plaintiff that the plain language of the ALJ's third finding requires the reading that Plaintiff has the severe impairment of personality disorder. Furthermore, in the ALJ's discussion in step three, he finds that the claimant's mental impairment does not meet or medically equal the criteria of listing 12.04

because neither the criteria in “paragraph B” or “paragraph C” are satisfied. Tr. 11. The ALJ then goes on to state:

> The limitations identified in the “paragraph B” and “paragraph C” criteria are not a residual functional capacity assessment but are used to rate the severity of mental impairments at steps 2 and 3 of the sequential evaluation process. The mental residual functional capacity assessment used at steps 4 and 5 of the sequential evaluation process requires a more detailed assessment by itemizing various functions contained in the broad categories found in paragraphs B and C of the adult mental disorders listings in 12.00 of the Listing of Impairments (SSR 96-8p). *Accordingly, the undersigned has translated the above “B” and “C” criteria findings into work-related functions in the residual functional capacity assessment below.*

Tr. 11-12. (Emphasis added).

Despite the ALJ’s finding that Plaintiff’s mental impairment is severe and despite the ALJ’s assurance that he would translate the criteria findings into work-related functions in the RFC assessment, he failed to do so. *See* Tr. 8-16. The Decision offers no discussion of the impact of Plaintiff’s mental impairment on work-related functions in the RFC. The RFC only references physical limitations. This failure by the ALJ requires that this matter be remanded for further proceedings. *See Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006) (reversing where ALJ failed to consider claimant’s diagnosis of borderline personality disorder); *Andrade v. Sec'y of Health & Human Servs.*, 985 F.2d 1045, 1048-49 (10th Cir. 1993) (requiring ALJ to account for mental impairment when evidence indicated an impairment that could prevent claimant from working).

**2. <u>Was the ALJ’s Determination that Plaintiff Could Perform her Past Relevant Work as Actually Performed as a Cosmetologist Unsupported by Substantial Evidence and Legally Erroneous?</u>**

A claimant is not to be considered legally disabled unless she proves, *inter alia*, that she cannot return to her past relevant work. *See* 20 C.F.R. §404.1560(b). “Past relevant work” is defined

as the claimant's ability to perform either "(1) the actual functional demands and job duties of a particular past relevant job, or (2) the functional demands and job duties of the occupation as generally required by employers in the national economy. *Andrade v. Secretary of Health & Human Servs.*, 985 F.2d 1045, 1050 (10th Cir. 1993); S.S.R. 82-61. The ALJ found that Plaintiff could perform her past job as a cosmetologist "as actually performed." Tr. 15.

In *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996), the Tenth Circuit set forth a three-step framework for analyzing step four. First, the ALJ must establish the claimant's RFC, which must "consider the limiting effects of all [the claimant's] impairment(s), even those that are not severe ...." *Id.* at 1023. 20 C.F.R. §404.1545(e). Second, the ALJ must make findings regarding the physical and mental demands of the claimant's past relevant work.[1] *Id.* Finally, the ALJ compares the claimant's RFC with the demands of the previous positions to determine whether the claimant still has the ability to perform any of his past occupations. *Id.* The ALJ must make specific findings at each phase. *Id.*

In the first phase of step four, the ALJ found that Plaintiff could perform a full range of light work except that she could not use her left arm for overhead work. Tr. 12-15. For reasons stated, *supra*, the ALJ failed to include an assessment of Plaintiff's severe mental impairment when establishing Plaintiff's RFC and, accordingly, failed to meet the first phase of step four.

---

[1]Regarding findings for mental demands of past relevant work, the Tenth Circuit noted, "[w]hen the claimant has a mental impairment, care must be taken to obtain a precise description of the particular job duties which are likely to produce tension and anxiety, *e.g.*, speed, precision, complexity of tasks, independent judgments, working with other people, etc., in order to determine if the claimant's mental impairment is compatible with the performance of such work." *Winfrey*, 92 F.3d at 1024. *See also Frantz v. Astrue,* 509 F.3d 1299, 1303-04 (10th Cir. 2007) (remanding for "fail[ure] to determine and then make findings regarding the mental demands of [the claimant's] past relevant work"); *Bridgeman v. Chater,* 1997 WL 174113 at *2 (10th Cir. Apr. 10, 1997) (unpublished) (finding no substantial evidence where "the record contains no evidence regarding the mental demands of the claimant's former occupation").

At the next two phases of step four, the ALJ did not make the required findings regarding the physical and mental demands of Plaintiff's past relevant work as a cosmetologist as she performed it, and whether she could still meet these demands. The ALJ did ask the VE a single question about the exertional and skill requirements of the cosmetologist job, Tr. 50, but the record is devoid of any evidence regarding the physical and mental demands of Plaintiff's past work as performed and whether Plaintiff can meet them. As discussed, *supra*, a claimant will be found to be "not disabled" when it is determined that she retains the RFC to perform:

> 1. The actual functional demands and job duties of a particular past relevant job; or
>
> 2. The functional demands and job duties of the occupation as generally required by employers throughout the national economy.

*Andrade v. Secretary of Health & Human Servs.*, 985 F.2d 1045, 1050 (10th Cir. 1993); S.S.R. 82-61. The ALJ's opinion states that Plaintiff could perform her past relevant work "as actually performed," Tr. 15, *i.e.*, a conclusion in line with sentence one above. His analysis, however, appears to rely on the testimony of the vocational expert, which described the manner in which the job was performed throughout the national economy, *i.e.*, a sentence two analysis. On remand, the Commissioner should make the required findings in phase two and three of step four and should make the past relevant work finding based on sentence one criteria or sentence two criteria, not a purported combination of the two.

**3. <u>Did the ALJ Err by Failing to Obtain Certain Medical Records</u>**

Plaintiff contends that the ALJ failed in his duty to fully and fairly develop the record by failing to obtain the following records: (1) Plaintiff's medical records from the pain management specialist who gave Plaintiff nerve block injections, (2) missing medical records from Internal Medicine, and (3) medical records regarding Plaintiff's suicide attempt and subsequent five-day

hospitalization. [Doc. No. 19, pp. 16-18]. Regarding the medical records for the nerve block injections and Internal Medicine, Defendant argues that the ALJ notified Plaintiff by letter that Plaintiff was responsible for submitting needed evidence, offered to assist in obtaining records if needed, and granted additional time to submit additional evidence. [Doc. No. 24, pp. 10-11]. Regarding the psychiatric records, Defendant argues that the Commissioner noted that the record contained sufficient information to make an informed decision, that Plaintiff did not request assistance in obtaining these records, and the Record includes the initial Emergency Department Report and a discharge report. [Doc. No. 24, p. 13].

Because this case is being remanded on other grounds, Plaintiff should obtain and submit to the ALJ for consideration whatever medical records and/or reports Plaintiff believes were wrongfully missing at the hearing. If Plaintiff requires assistance in obtaining any records, the Commissioner shall supply such assistance.

**4. Remaining Alleged Errors by Plaintiff.**

This Court declines to reach the other issues raised on appeal because they may be affected by the ALJ's treatment of the case on remand. *See Robinson v. Barnhart,* 366 F.3d 1078, 1084 (10th Cir. 2004) (quotation omitted); *Lopez v. Astrue,* 2010 WL 1172610 at *12 (10th Cir. (N.M.)).

**Recommended Disposition**

For the foregoing reasons, this Court recommends that Plaintiff's Motion to Reverse or Remand Administrative Agency Decision be granted and this matter be remanded to the Commissioner of Social Security for further proceedings consistent with these findings.

**NOTIFICATION**

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN (14) DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may**

**file written objections with the Clerk of the District Court pursuant to 28 U.S.C. §636(b)(1). A party must file any objections with the Clerk of the District Court within the fourteen (14) day period if that party wants to have appellate review of the Proposed Findings and Recommended Disposition. If no objections are filed, no appellate review will be allowed.**

**W. DANIEL SCHNEIDER**
**UNITED STATES MAGISTRATE JUDGE**