# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

FRANCES J. CAIRNES,

      Plaintiff,

vs.                                                No. CIV 09-0426 JB/ACT

CAROLYN W. COLVIN, Acting Commissioner
of the Social Security Administration,

      Defendant.

## MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on the Proposed Findings and Recommended Disposition, filed January 15, 2014 (Doc. 39)("PF&RD"), regarding the Plaintiff's Counsel's Application for Attorney Fees Pursuant to 42 U.S.C. § 406(b)(1), filed September 3, 2012 (Doc. 33)("Application for Attorney Fees").[1]  The parties have not filed any objections to the PF&RD.  The Court will adopt the PF&RD, grant the Application for Attorney Fees, and award Plaintiff Frances J. Cairnes' counsel $7,780.00 in fees.

## PROCEDURAL BACKGROUND

On January 30, 2007, Cairnes filed an application for Social Security Disability Insurance ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-433, and for Supplemental

---

[1]On October 23, 2013, this case was reassigned to the Honorable Alan C. Torgerson, United States Magistrate Judge, for Judge Torgerson to be the pretrial judge.  See Notice, filed October 23, 2013 (Doc. 37).  On October 31, 2013, the Court entered an Order of Reference, referring the case to Judge Torgerson to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case.  See Order of Reference Relating to Bankruptcy Appeals[,] Social Security Appeals, Prisoner Cases, Non Prisoner Pro Se Cases and Immigration Habeas Corpus Proceedings, filed October 31, 2013 (Doc. 38).

Security Income ("SI") benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 et seq., alleging disability beginning November 1, 2005.   See Transcript of Administrative Record at 5, filed September 2, 2009 (lodged in Records)(Doc. 14)("Tr."); id. at 8; id. at 90.   The claims were initially denied on March 21, 2007, and denied again upon reconsideration on October 8, 2007.   Tr. at 63-69; id. at 76-79.

On March 6, 2008, the Administrative Law Judge ("ALJ") conducted a hearing.   See Tr. at 17-53.   The ALJ issued an unfavorable decision, finding that Cairnes was not disabled.   See Tr. at 8-16.   The Appeals Council denied Cairnes' request for review.   See Tr. at 1-3.   On May 1, 2009, Cairnes filed her Complaint for Reversal or Remand of the SSA Commissioner's Final Decision.   See Doc. 1 ("Complaint").

On August 11, 2010, the Honorable Daniel Schneider, United States Magistrate Judge, recommended remand.   See Magistrate Judge's Proposed Findings and Recommended Disposition, filed August 11, 2010 (Doc. 27).   On September 23, 2010, the Court entered an Order Adopting Magistrate Judge's Proposed Findings and Recommended Disposition.   See Doc. 28.

On October 14, 2010, Cairnes filed Plaintiff's Application for Attorney Fees Under the Equal Access to Justice Act.[2]   See Doc. 30.   On December 10, 2010, the Court entered an Order Awarding Fees Pursuant to the Equal Access to Justice Act in the amount of $5,779.40.   See Doc. 32.

---

[2]"Under [the Equal Access to Justice Act, 28 U.S.C. § 2412 ('EAJA')], a fee award is required if: (1) plaintiff is a 'prevailing party'; (2) the position of the United States was not 'substantially justified'; and (3) there are no special circumstances that make an award of fees unjust."   Hackett v. Barnhart, 475 F.3d 1166, 1172 (10th Cir. 2007)(Ebel, J.)(quoting 28 U.S.C. § 2412(d)(1)(A)).

On August 26, 2011, the ALJ, on remand, issued a decision in Cairnes' favor, finding she was disabled since November 1, 2005.   See Plaintiff Counsel's Application for Attorney Fees at 2, filed September 3, 2012 (Doc. 33).   On March 18, 2012, the Defendant determined that Cairnes was entitled to past-due SSDI (Title II) benefits in the amount of $55,120.00.   See Notice of Award at 2 (dated March 18, 2012), filed September 3, 2012 (Doc. 33-2).   As a result of Cairnes' past-due benefits award, the Social Security Administration withheld $13,780.00, representing twenty-five percent of the total past due award, to pay any attorney's fees approved pursuant to 42 U.S.C. § 406(b).   See Notice of Award at 2.

Cairnes' counsel is requesting the Court authorize payment of attorney's fees in the amount of $13,780.00, less $6,000 for a fee counsel received on August 16, 2012, for a total amount of $7,780.00.   See Application for Attorney Fees   at 2.   Cairnes' counsel argues in support of this request that: (i) the requested fee is reasonable; (ii) Cairnes and counsel entered into a standard contingent-fee agreement which specifies payment of an attorney fee of twenty-five percent of any past-due benefits awarded; (iii) the character of the representation and the results achieved do not call for a downward adjustment in the fee; (iv) counsel did not cause any excessive delay during the pendency of the case; and (v) the requested fee is not excessive in relation to the amount of time counsel spent on the case over a period of five years.   See Application for Attorney Fees at 4. Cairnes further states that, although she was awarded fees in the amount of $5,779.40 pursuant to the EAJA, the fee was not paid to counsel but fully retained by the government to satisfy a debt Cairnes owed.   See Application for Attorney Fees at 5.   Cairnes asserts that, because she was not paid any EAJA fee, no refund from the requested 406(b) fee is due to Cairnes.   See Application for Attorney Fees at 5.

- 3 -

The Defendant declined to assert a position on the reasonableness of Cairnes' request and did not raise any explicit objections regarding Cairnes' requested fee.   See Defendant's Response to Plaintiff's Attorney's Application for Attorney Fees under 42 U.S.C. § 406(b), filed September 20, 2012 (Doc. 34)("Response to Application for Attorney Fees").   The Defendant questioned only the timeliness of the Application for Attorney Fees.   See Response to Application for Attorney Fees at 2-3.

In Judge Torgerson's PF&RD, Judge Torgerson found that the hourly rate and fee that Cairnes' counsel requested were reasonable.   See PF&RD at 6.   Judge Torgerson also found that the Application for Attorney Fees was timely.   See PF&RD at 6.   As such, Judge Torgerson recommended that the Application for Attorney Fees be granted.   See PF&RD at 6.

## LAW REGARDING PROPOSED FINDINGS AND RECOMMENDATIONS

Where no party objects to the Magistrate Judge's proposed findings and recommended disposition, the Court has, as a matter of course in the past and in the interests of justice, reviewed the Magistrate Judge's recommendations. In Workheiser v. City of Clovis, No. CIV 12-0485 JB/GBW, 2012 WL 6846401 (D.N.M. Dec. 28, 2012)(Browning, J.), where the plaintiff failed to respond to the Magistrate Judge's proposed findings and recommended disposition, although the Court determined that the plaintiff had "waived his opportunity for the Court to conduct review of the factual and legal findings in the [proposed findings and recommended disposition]," the Court nevertheless conducted such a review.   2012 WL 6846401, at *3. The Court generally does not, however, review the Magistrate Judge's proposed findings and recommended disposition de novo, and determine independently necessarily what it would do if the issues had come before the Court first, but rather adopts the proposed findings and recommended disposition where "[t]he Court

- 4 -

cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, [obviously]³ contrary to law, or an abuse of discretion."   Workheiser v. City of Clovis, 2012 WL 6846401, at *3.   This review, which is deferential to the Magistrate Judge's work when there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the intent of the waiver rule than no review at all or a full-fledged review.   Accordingly, the Court considers this standard of review appropriate.   See Thomas v. Arn, 474 U.S. 140, 151 (1985)("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers

---

³The Court previously used as the standard for review when a party does not object to the Magistrate Judge's proposed findings and recommended disposition whether the recommendation was "clearly erroneous, arbitrary, contrary to law, or an abuse of discretion," thus omitting "obviously" in front of contrary to law.   Solomon v. Holder, CIV 12-1039 JB/LAM, 2013 WL 499300, at *4 (D.N.M. Jan. 31, 2013)(Browning J.)(adopting the recommendation to which there was no objection, stating: "The Court determines that the PFRD is not clearly erroneous, arbitrary, contrary to law, or an abuse of discretion, and accordingly adopts the recommendations therein"); O'Neill v. Jaramillo, CIV 11-0858 JB/GBW, 2013 WL 499521 (D.N.M. Jan. 31, 2013)(Browning, J.)("Having reviewed the [PFRD] under that standard, the Court cannot say that the Magistrate Judge's recommendation is clearly erroneous, arbitrary, contrary to law, or an abuse of discretion. The Court thus adopts Judge Wormuth's PFRD.")(citing Workheiser v. City of Clovis, 2012 WL 6846401, at *3).   See also Galloway v. JP Morgan Chase & Co., CIV 12-0625 JB/RHS, 2013 WL 503744 (D.N.M. Jan. 31, 2013)(Browning, J.)(adopting the Magistrate Judge's recommendations upon determining that they were not "clearly contrary to law, or an abuse of discretion.").   The Court does not believe that "contrary to law" reflects well the deferential standard of review that the Court intends to use when there is no objection.   Finding that a Magistrate Judge's recommendation is contrary to law would require the Court to analyze the Magistrate Judge's application of law to the facts or the Magistrate Judge's delineation of the facts -- in other words performing a de novo review, which is required when a party objects to the recommendations only.   The Court believes adding "obviously" reflects better that the Court is not performing a de novo review of the Magistrate Judge's recommendations. Going forward, therefore, the Court will review Magistrate Judges' recommendations to which there are no objections for whether the recommendations are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.

appropriate.").   The Court is reluctant to have no review at all if its name is going to go at the bottom of the order adopting the Magistrate Judge's proposed findings and recommendations.

## ANALYSIS

The Court has reviewed the PF&RD to determine whether the recommendations are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.   The Court has determined that the PF&RD is not clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.   Accordingly, the Court will adopt the PF&RD.

**IT IS ORDERED** that: (i) the Proposed Findings and Recommended Disposition, filed January 15, 2014 (Doc. 39), is adopted; (ii) the Plaintiff's Counsel's Application for Attorney Fees Pursuant to 42 U.S.C. § 406(b)(1), filed January 15, 2014 (Doc. 33), is granted; (iii) counsel for Plaintiff Frances J. Cairnes is awarded payment of $7,780.00 in attorney's fees pursuant to 42 U.S.C. § 406(b); and (iv) Cairnes' counsel is not required to refund to her client the sum of $5,779.40 in fees awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412, because counsel was never paid the EAJA fee, given that Defendant Carolyn W. Colvin, Acting Commissioner of the Social Security Administration, retained the fee to satisfy a debt that Cairnes owed.

_____
UNITED STATES DISTRICT JUDGE

*Counsel:*

Patricia W. Glazek
Santa Fe, New Mexico

      *Attorney for the Plaintiff*

Manuel Lucero
   Assistant United States Attorney
United States Attorney's Office
District of New Mexico
Albuquerque, New Mexico

--and--

James D. Sides
Social Security Administration
Office of the General Counsel
Dallas, Texas

      *Attorneys for the Defendant*